UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

|  |  |  |
|---|---|---|
| DUNCAN OIL CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 12-27-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| EDWARD JOHNSON, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Edward Johnson's ("Johnson") motion to dismiss for lack of subject-matter jurisdiction. [Record No. 13]  More specifically, Johnson asserts that the amount in controversy in this case is less than $75,000.00, because the plaintiff is not entitled to recover over $40,000 of the total claim of $99,338.00.  Plaintiff Duncan Oil Co. ("Duncan Oil") opposes the defendant's motion. [Record No. 14]  It contends that the items of damage it may properly seek to recover in this action exceed the minimum amount needed to establish subject-matter jurisdiction.  Having reviewed the materials relating to this motion, the Court concludes that the relief sought by Johnson should be denied.[1]

**I.**

Lack of subject matter jurisdiction may be raised at any point in the proceedings.  It may not be waived nor conferred even by express consent of the parties.  *Laughlin v. Kmart Corp.*,

---

[1]     The Court notes that Johnson did not file a reply within the time provided by the Local Rules.

-1-

50 F.3d 871, 873 (10th Cir. 1995).  In fact, it is the duty of the court to address the issue whenever it appears that it may be lacking.  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may challenge subject matter jurisdiction in one of two ways.  First, a party may question the sufficiency of the pleadings.  In addressing a facial challenge, the court accepts the allegations contained in the complaint as true.  Conversely, when jurisdiction is challenged as a factual matter, the allegations of the complaint carry no presumption of truthfulness and the court is required to weigh the evidence presented to resolve disputed jurisdictional facts.  *See* 2 *Moore's Federal Practice,* § 12.30[4] (Matthew Bender 3d ed.), and cases cited therein.  Further, the party asserting subject matter jurisdiction has the burden of proof on the issue.  *Id.* at 12.30[5]; *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994) (burden of proving jurisdiction is on the party asserting it); *McIntire v. Ford Motor Company*, 142 F.Supp.2d 911, 915 (S.D. Ohio 2001).  In the present case, the burden of proof falls upon Duncan Oil.

## II.

Duncan Oil brings this matter pursuant to 28 U.S.C. § 1332, asserting a breach of contract claim seeking $99,338.00, plus interest and attorney fees.[2]  The plaintiff has not asserted any

---

[2]     Although not addressed in the parties' filings, the plaintiffs' allegations of citizenship are deficient. To properly allege diversity jurisdiction, a plaintiff must assert that he is a citizen of a particular state.  An allegation of residency is not sufficient.  For corporations, the party must allege the place(s) of incorporation and the principal place of business.  Here, Duncan Oil simply alleges that it is "an Ohio corporation" and that Johnson is "an individual whose primary residence is located in Lawrenceburg, Kentucky."  Both allegations are insufficient.  Ordinarily, when these deficiencies are detected, the Court will give a party with the burden of proof additional time to amend the relevant pleading.  In the present case, Duncan Oil will be given 10 days to correct this assertion by the filing of an Amended Complaint.  Failure to properly allege diversity of citizenship within this time period will result in the plaintiff's action being dismissed, without prejudice.

federal claims, such as claims under the Petroleum Marketing Practices Act.[3]  Therefore, it must establish by a preponderance of evidence that it may recover a sum greater than $75,000.00, exclusive of interest and costs, to cross its jurisdictional hurdle.  The Court's analysis begins with the claims outlined in its Complaint.

The Complaint filed by Duncan Oil asserts one claim for breach of contract arising from a Product Supply Agreement ("Agreement")[4] it entered into with Johnson.  The Agreement is dated December 1, 2010, and involves a fuel station/convenience store leased and operated by Johnson and located in Lawrenceburg, Kentucky.  Johnson leases the store from a third party. Duncan Oil is a wholesale supplier of petroleum products.  Pursuant to the Agreement, Johnson agreed to purchase from Duncan Oil all of his petroleum products which would be sold at the store.  The Agreement commenced on December 1, 2010, and had a termination date of November 30, 2017.

By virtue of a separate agreement that is not disputed here, Duncan Oil is authorized to sell petroleum products under the Valero trademark, trade name, color schemes, and other trade indicia.  Additionally, it is authorized by virtue of a separate agreement with Valero to authorize retailers such as Johnson to use the Valero trademark, etc., so long as the retailer complies with the terms and conditions of the agreement.  Here, the Agreement in issue provides that Johnson,

---

[3]      In paragraphs 30-33 of its Complaint, Duncan Oil asserts that Johnson was sent notice of termination of his franchise pursuant to the Petroleum Marketing Practices Act.  However, the company has not asserted a claim under that act in this litigation.

[4]      A copy of the Agreement is attached to the complaint as Exhibit A.

as a sub-licensee, is authorized to use the Valero marks and to brand its store as a "Valero" station.

The jurisdictional issue presently before the Court concerns what is referred to in the Agreement as "image money" which is used to purchase new signs and otherwise improve stations selling Valero products pursuant to contractual arrangements involving retailers and wholesalers. Parties who fully comply with their agreements are not required to repay image money used for signs and improvements. However, breach of the agreement during the term calls for repayment according to a sliding scale. In summary, the longer the party operates a Valero station and complies with all terms and conditions of his agreement, the less the party is required to repay upon termination. Here, Duncan Oil claims that Johnson should be required to repay approximately \$40,000[5] in image moneys by virtue of its breach of the December 1, 2010, Agreement. Johnson claims that he is not required to repay any image money because, at the time he commenced operating the store in Lawrenceburg, all Valero marks, etc., had been provided.

According to Duncan Oil, Johnson breached the parties' Agreement in June 2011. It asserts that, on or about that date, he stopped purchasing petroleum products from Duncan Oil for resale at the store and stopped honoring Valero's proprietary credit cards. Additionally, it contends that Johnson committed further breaches by purchasing petroleum products for sale at the store from other wholesalers who were not authorized sellers of Valero products. Following

---

[5]     Actually, this number is an estimation by the defendant, based on his experience in the industry. [Record No. 13; attached Johnson affidavit] Duncan Oil claims the amount to be approximately \$39,000. While it is not dispositive of the issue currently before the Court, the affidavit establishes that Johnson is familiar with the term "image monies" as it is used in the Agreement.

these alleged breaches, Duncan Oil claims that Valero demanded that it reimburse the company for the image monies previously paid to brand the store as a Valero station.  In other words, Valero seeks return of a portion of the money paid to brand the station prior to the December 1, 2010, Agreement between Johnson and Duncan Oil.  The image money has not yet been paid; however, according to Duncan Oil, "if the Plaintiff is required to repay image moneys to Valero as a result of Johnson's breach, the [Agreement] requires Johnson to reimburse the Plaintiff for such amount." [Record No. 1; Complaint, ¶ 27]  Additionally, Duncan Oil contends that, as a part of the Agreement, Johnson is required to pay the plaintiff's legal fees incurred in this litigation. [*Id.*, ¶ 28]

There are at least two parts of the Agreement which are relevant to the jurisdictional issue raised by Johnson's motion.  First, with respect to "image moneys," the Agreement provides the following in paragraph 24:

> 24.  **SUPPLIER REIMBURSEMENT.**  **Should this Agreement be terminated prior to the Expiration Date for any reason other than a material default by Duncan, [Johnson] shall be obligated to pay to Duncan upon demand any and all fees charged by the applicable Supplier to Duncan as a consequence of the Retailer's termination, including but limited to monies commonly known as "image monies." Such fees shall be in addition to any and other damages to which Duncan will be entitled as a result of the wrongful termination.**

[*See Id.*, ¶ 24 (bold print in original).]  In addition to this provision, the Agreement specifically states that, in the event of any lawsuit between the parties "arising out of or relating to the transactions or relationship contemplated by the Agreement . . . the substantially prevailing party shall be entitled to recover its reasonable costs of suit including its reasonable attorneys' fees." [*Id*. at ¶ 16. B.]

According to Duncan Oil, approximately $39,000 was paid by Valero to improve the property approximately three months before the effective date of the Agreement. And contrary to Johnson's argument, *his* obligation to pay image monies is not dependent upon *his* receipt of funds which were subsequently used for marks, signs, and other improvements to the property. Instead, it is related to Duncan Oil's liability to re-pay these amounts as a result of Johnson's termination of the Agreement.

Additionally, the Court cannot conclude, as a legal certainty, that the amount Johnson will be required to pay to reimburse legal fees properly incurred in this action and resulting from his alleged breach of contract will not exceed $40,000. While the plaintiff estimated legal fees of $4,000[6] as of the filing of its complaint, during the course of this litigation, reasonable fees will likely exceed the amount which is currently disputed and related to image monies. Accordingly, it is hereby

**ORDERED** that Defendant Edward Johnson's motion to dismiss for lack of subject-matter jurisdiction [Record No. 13] is **DENIED**.

It is further **ORDERED** that Plaintiff Duncan Oil Co. is given ten (10) days from the entry of this Memorandum Opinion and Order to either (1) file an amended complaint which properly alleges citizenship as required by 28 U.S.C. § 1332 or (2) show cause why this action should not be dismissed based upon this jurisdictional defect.

---

[6]     *See* Record No. 14; attached affidavit of Lance Wolfe, ¶ 9.

This 7th day of September, 2012.



Signed By:

_Danny C. Reeves_  DCR

**United States District Judge**